**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GWENDOLYN DUBOSE and HAROLD DUBOSE,**

        **Plaintiffs,**

**-vs-**             Case No. 6:08-cv-385-Orl-31DAB

**TRANSPORT ENTERPRISE LEASING, LLC, FLAWLESS TRANSPORTATION, INC., and THOMAS A. COLLIER, JR.,**

        **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT AGAINST DEFENDANT FLAWLESS TRANSPORTATION, INC. (Doc. No. 26)** |
| **FILED:** | August 14, 2008 |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. | |
| **MOTION:** | **MOTION FOR DEFAULT AGAINST DEFENDANT THOMAS A. COLLIER, JR. (Doc. No. 25)** |
| **FILED:** | August 14, 2008 |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. | |

Plaintiffs seek entry of defaults against two Defendants, Flawless Transportation, Inc. and Thomas A. Collier, Jr. based on their failure to respond to the *Amended Complaint*. Doc. Nos. 25, 26. Although granted leave to file their Amended Complaint (Doc. No. 21), Plaintiffs have failed to

properly file the Amended Complaint in CM/ECF, in compliance with the Administrative Procedures of the Middle District of Florida; merely attaching the Amended Complaint as an exhibit to the Motion for Leave to File (Doc. No. 18) is insufficient to file it in CM/ECF.

As to personal service on these Defendants, Plaintiffs allege that these Defendants were served with the Amended Complaint by certified mail, which is insufficient as personal service unless a party has previously made a personal appearance. If an amended complaint contains new or additional claims for relief, personal service is required upon the defendants who are in default for failure to appear. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of United States and Canada*, 674 F.2d 1365 (11th Cir. 1982).

There is no separate return of service for either Defendant listed in this Court's docket, however, attached to the Notice of Removal is an affidavit showing that Defendant Thomas A. Collier Jr. was personally served with the Complaint and a default was entered against him in state court. Doc. No. 1 at 40, 43-44. Also attached to the Notice of Removal is an affidavit showing that Kimberly Foster as "C.F.O."[1] was personally served on behalf of Defendant Flawless Transportation, Inc. and a default was entered against the corporation in state court. Doc. No. 1 at 18-19, 22. Although Plaintiffs obtained defaults against both of these Defendants in state court, those defaults were on the original Complaint, not the Amended Complaint; thus, personal service is necessary unless Plaintiffs can show that the Amended Complaint contains no new or additional claims.

Accordingly, the Motions for Default Against Defendant Flawless Transportation, Inc. and Defendant Thomas A. Collier, Jr. (Doc. Nos. 25 & 26) are **DENIED** without prejudice to Plaintiffs'

---

[1] Plaintiffs must also show service on an officer or in compliance with Georgia law for proper service on a corporation, since that is where service was accomplished. Fed. R. Civ. P. 4(e)(1) (service may be effected in any judicial district of the United States pursuant to the law of the state); Fed. R. Civ. P. 4(h)(1) (service on corporation may be made on an officer).

proper filing of the Amended Complaint in the CM/ECF system and personal service of the Amended Complaint on these Defendants (unless Plaintiffs can show that the Amended Complaint contains no new or additional claims).

**DONE** and **ORDERED** in Orlando, Florida on August 20, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties