# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GWENDOLYN DUBOSE and HAROLD**
**DUBOSE,**

                **Plaintiffs,**

**-vs-**                                                  **Case No. 6:08-cv-385-Orl-31DAB**

**FLAWLESS TRANSPORTATION, INC.,**
**THOMAS A. COLLIER, JR., and**
**ANTONIO FOSTER,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ANTONIO FOSTER, FLAWLESS TRANSPORTATION, INC. AND THOMAS A COLLIER, JR. (Doc. No. 120)**
>
> **FILED:** February 24, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs sued Defendants Flawless Transportation, Inc., Thomas A. Collier, Jr., and Antonio Foster for negligence claims arising out of a car accident on January 17, 2007. Doc. 45, ¶ 17. Specifically, Plaintiffs allege that the tractor (the "Tractor") driven by Defendant Collier collided with Plaintiffs' vehicle in a rear-end collision near the intersection of U.S. 441 and Michigan Street in Orlando, Florida (Doc. 45, ¶ 15). The Tractor was owned by Defendant Transport (Doc. 45, ¶ 12).

Transport, however, had leased the Tractor to Defendant Antonio Foster, d/b/a Flawless Transportation ("Foster" or "Flawless") pursuant to a three-year lease agreement (Doc. 45, ¶ 12).

Based on the foregoing allegations, Plaintiffs raised three substantive claims against these Defendants in their Second Amended Complaint. Count I asserted that Collier was negligent in operating and maintaining the Tractor. Count II asserted that Flawless was negligent in failing to maintain the minimum amounts of liability insurance, in failing to comply with various state and federal regulations, in operating a "lease-on" operation[1], and in allowing an unqualified driver, Collier, to operate and maintain the Tractor. Court III asserted the same claim as Count II but was directed against Foster in his individual capacity.[2]

All three Defendants failed to appear or respond to the Second Amended Complaint and Plaintiffs moved for entry of a clerk's default and obtained clerk's defaults. Plaintiffs now move for final default judgment on their negligence claims, and for fees and costs, and have filed supporting Affidavits (Doc. No. 120); the matter is now ripe for resolution.

**ANALYSIS**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). Service of the Defendants in this case was proper. Federal Rule of Civil Procedure 55(a) provides that if a party fails to plead or otherwise defend as provided by the rule, the clerk shall enter default upon the appropriate showing. Fed. R.

---

[1] According to Plaintiffs, a "lease-on" operation involves the scheduling of shipments carried by tractors which the operation does not own or lease and which are driven by independent drivers or employees of other trucking companies whom the operation does not ensure are qualified to drive. Doc. 45 at ¶ 21.

[2] A fourth count against Transport Enterprise Leasing, LLC, alleging negligence for failing to ensure that Flawless or Foster carried liability insurance, and for leasing the Tractor to Foster when it should have known Foster was using unqualified drivers, was dismissed on summary judgment on January 27, 2009. See Doc. No. 111.

Civ. P. 55(a). Under Federal Rule of Civil Procedure 4(e)(1), service of a federal Complaint is accomplished in accordance with the procedure for service under the applicable state law:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State.

Fed. R. Civ. Pro. 4(e)(1).

Plaintiffs originally filed suit in state court, and following service on Defendants Flawless and Collier, obtained defaults against them in state court. Doc. No. 62. Following removal to this Court, the Court ordered service on Defendants Collier and Flawless of the Second Amended Complaint by mail. Doc. No. 39. The other Defendant, Antonio Foster, was served with the Second Amended Complaint by first-class mail at three different known addresses; he was also served on October 16, 2008 by process server at his residence. Doc. No. 40 at 10-11; Doc. No. 68 at 4. Service was made on Antonio Foster's spouse, Kimberly Foster, which satisfied the requirements of the Federal Rules and Georgia rules, which allows personal service to be accomplished "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Ga. Code § 9-11-4(e)(7). All three Defendants failed to appear or respond to the Second Amended Complaint and Plaintiff moved for entry of a clerk's default on October 9 and November 11, 2008. Doc. Nos. 62, 63, 68. They were defaulted by the clerk on October 10 and November 12, 2008. Doc. Nos. 64, 70.

The Court finds that the Defendants' failure to timely respond to the Complaint and subsequent entry of default against them serve to admit the well pleaded allegations of Plaintiffs'

Complaint, including Plaintiffs' claims for negligence, money judgments, and for fees and costs incurred[3]. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact.").

### A. Factual Background[4]

Transport is in the business of the leasing tractors, trailers and other trucking equipment. On January 18, 2006, Transport Enterprise Leasing, LLC ("Transport") entered into a Commercial Vehicle Lease Agreement with Defendant Antonio Foster (Doc. 29 at 27 and 30-40). Pursuant to the Commercial Vehicle Lease Agreement, Transport agreed to lease the Tractor, a 2004 Freightliner, to Foster for a period of thirty-six months (Doc. 29 at 30). The Commercial Vehicle Lease Agreement specifically provided that the lessee (Foster) was responsible for maintaining the Tractor in good operating condition and working order, and for making all necessary repairs. Foster was also responsible for maintaining the appropriate insurance coverage for the Tractor at "State Limits" or "Stated Limits" (Doc. 29 at 38 and Doc. 66-5 at 31).

At the time Transport actually entrusted the Tractor to Foster, Transport was provided with a U.S. Department of Transportation Common Carrier Certificate authorizing Flawless Transportation, Inc. d/b/a FTI to haul freight, and a Certificate of Liability Insurance stating combined single limit coverage for Flawless Transportation, Inc. d/b/a FTI in the amount of $1,000,000.00 (Doc.

---

[3] Plaintiffs also moved for, and were awarded, sanctions against Defendants Collier and Foster for their failure to appear for their properly-noticed depositions. Doc. No. 86.

[4] The factual background, as pertinent to Plaintiffs' claims against these Defendants, is taken from Judge Presnell's Order on summary judgment. Doc. No. 111. All other facts as related to particular counts are adopted from Plaintiffs' Second Amended Complaint.

29 at 28-34).[5] Sometime after Transport leased the Tractor to Foster, Foster permitted Collier to operate the Tractor.

On January 17, 2007, less than one year into the Commercial Vehicle Lease Agreement, Collier rear-ended the Plaintiffs' vehicle while driving the Tractor in Orlando, Florida (Doc. 81-2 at 1). As a consequence, Plaintiffs were injured (Doc. 81-2 at 1). Other than some limited cargo insurance, there was no insurance coverage in effect on the Tractor at the time of the accident (Doc. 66-4 at 1). The Florida Traffic Crash Report indicates that Collier was cited for careless driving in violation of FLA. STAT. § 316.1925, that Plaintiffs' vehicle was stopped on US 441 preparing to turn left onto Michigan Street, and that Collier failed to stop, colliding with the rear of Plaintiff's vehicle (Doc. 88-2 at 1-4).

*B. Facts Related to the Default Judgment for Counts I through III for Negligence*

Because default has been properly entered against Defendants Collier, Flawless Transportation, Inc. and Foster, they are deemed to have admitted the allegations made in Plaintiffs' Second Amended Complaint, *i.e.*, Counts I, II, and III. *See* Doc. No. 40. The January 17, 2007 accident was the result of Defendant Collier's negligence in driving the Tractor; as a result of Collier's negligence, Plaintiffs were injured (Doc. 40 ¶ 17); and Plaintiffs have sustained physical injuries and damages. Defendant Foster and Flawless are vicariously liable because Defendant Collier

---

[5]Transport did not inquire why these certificates were in the name of Flawless Transportation, Inc. d/b/a FTI and not in the name of Foster or Antonio Foster D/B/A Flawless Transportation. Transport did not verify that the Tractor it was leasing to Foster was actually listed as a vehicle under the schedule of insured vehicles covered by the certificate of insurance or whether the certificate was even valid (Doc. 66-5 at 33-34). Transport does not take any specific steps to verify that the insurance coverage actually exists – it simply makes a copy of the proof of insurance for its records and follows-up with its lessees and the insurers as the expiration date on the proof of insurance draws near (Doc. 66-5 at 33). Nor does Transport check on driver qualifications – it simply relies on the terms of its lease agreement which require the lessee to use qualified drivers (Doc. 66-6 at 17).

was acting within the scope of his employment and/or agency with Defendant Foster and Flawless (Doc. 40 ¶ 18).

Defendants Flawless and Foster were negligent for failing to carry insurance coverage in effect on the Tractor at the time of the accident (Doc. No. 40 ¶¶ 20, 23; Doc. 66-4 at 1). Defendants Flawless and Foster were also negligent by operating a "lease-on" operation and by not making sure that Defendant Collier was qualified to drive the Tractor and that he maintained insurance coverage. Doc. No. 40 ¶¶ 21-22, 24-25.

*C. Damages[6]*

At the time of the collision, Plaintiff Gwendolyn Dubose was driving a 2003 Isuzu (the "Isuzu"). Doc. No. 120-2 at 2. Plaintiff Harold Dubose was a passenger in the Isuzu. Doc. No. 120-2 at 2. They were both wearing seatbelts. Doc. No. 120-2 at 2.

Gwendolyn Dubose was injured in the collision. Her injuries include disk bulging and herniation in the neck and back, and neck scarring. Doc. No. 120-2 at 3. Among other treatment she received for her injuries caused by the collision, she has had neck surgery; her medical expenses total (thus far) $60,612.79. Doc. No. 120-2 at 3. Long term effects of her injuries include neck, back, and shoulder pain and frequent headaches; difficulty sitting or standing for more than 5-10 minutes; pain in walking or traveling in a car; and sleep problems; her daily activities are also curtailed. Doc. No. 120-2 at 3-4. As to future losses, Gwendolyn Dubose's past relevant work was custodial, which she is unable to do any longer due to physical restrictions and pain; her loss of income is $320 to $400 per week; Plaintiff is 49 years old. Doc. No. 120-2 at 4. As compensation for pain and suffering,

---

[6]Frequently, an evidentiary hearing or "prove-up" is used to establish the amount of unliquidated damages following entry of default. Because of the detailed written submissions from the Plaintiffs, the relatively modest amount of damages sought, and the circumstances of the defaults in this case, no such hearing is needed.

medical expenses, lost wages, loss of enjoyment of life, impairment, inconvenience, scarring and disability, Plaintiff seeks an award of $395,000. Plaintiff Gwendolyn Dubose also seeks an award of $10,000 for each of her children Quavon and Jasmine Dubose, as compensation for permanent loss of services, comfort, companionship and society from her. Doc. No. 120-2 at 5.

Harold Dubose was injured in the collision. His injuries include back and shoulder pain and shoulder scarring. Doc. No. 120-3 at 3. Among other treatment he received for his injuries caused by the collision; his medical expenses total (thus far) $11,634. Doc. No. 120-3 at 3. Long term effects of his injuries include neck, back, and shoulder pain and frequent headaches; he cannot lift as he used to and cannot drive a forklift as he did at his previous place of employment; his normal daily activities are also curtailed. Doc. No. 120-3 at 3-4. As to future losses, Harold Dubose's past relevant work was at Lowe's Home Improvement, full-time, in shipping in receiving, which required him to operate a forklift and perform heavy lifting. Doc. No. 120-3 at 4. He could not work for 4-5 months after the collision and estimates lost wages of $3,840 to $5,120 in lost income. Doc. No. 120-3 at 3. As compensation for pain and suffering, medical expenses, lost wages, loss of enjoyment of life, impairment, inconvenience, scarring and disability, Plaintiff Harold Dubose seeks an award of $75,000.

The Court finds that Plaintiffs are entitled to the following compensatory damages:

| | |
|---|---:|
| Gwendolyn Dubose | $395,000 |
| Quavon Dubose | $10,000 |
| Jasmine Dubose | $10,000 |
| Harold Dubose | $75,000 |

The Court **RECOMMENDS** that final judgment be entered jointly and severally against Defendants Flawless Transportation, Inc., Thomas A. Collier, Jr., and Antonio Foster, in favor of

Gwendolyn Dubose for $395,000, Quavon Dubose for $10,000, Jasmine Dubose for $10,000, and Harold Dubose for $75,000.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 21, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy